IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-cv-00052-KDB-DSC

| | |
|---|---|
| **JOSEPH WILLIAM BAILEY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **DARREN E. CAMPBELL,** | )<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 7), the parties' associated briefs and exhibits, (Doc. Nos. 8, 11, 13), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14), recommending that the Motion be granted in part, and Plaintiff's objection to the M&R (Doc. No. 15). The Court has carefully considered the motion, the parties' briefs, and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the M&R's recommendations should be adopted in part.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. The Court therefore adopts the facts as stated in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court need not review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II. STANDARD OF REVIEW

1

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not explain adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Nor does the Court perform a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of

further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty*., 22 F.4th 412, 2022 WL 53977, at *1 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc*., 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

Plaintiff objects to the M&R arguing that the Magistrate Judge incorrectly recommends the dismissal of: (1) his 42 U.S.C § 1983 claim against Sheriff Campbell in his official capacity; (2) his claim for negligent hiring, supervision, and retention against Sheriff Campbell in his official capacity; and (3) his tort claims against Sheriff Campbell in his individual capacity.[1] The Court will address each argument in turn.

#### A. **42 U.S.C § 1983 Claim**

---

[1] Sheriff Campbell has not objected to the M&R's recommendation that his Motion be denied as to Plaintiff's claim for negligent infliction of emotional distress against him in his official capacity. *See* Doc. No. 14, p.13. Accordingly, the Court will adopt the recommendation.

Section 1983 of Title 42 of the United States Code provides potential remedial relief for a plaintiff who can prove that a person acting under color of state law deprived him of a right secured by federal law, including violations of federal constitutional rights, as well as certain limited federal statutory rights. *See Smith v. Pollino*, No. 3:19-CV-00639-KDB-DCK, 2020 U.S. Dist. LEXIS 77003, at *12 (W.D.N.C. May 1, 2020); *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980); *see also Gonzaga University v. Doe*, 536 U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). In this case, Plaintiff asserts what is known as a *Monell* claim for Sheriff Campbell's alleged failure to implement adequate policies related to the treatment of individuals in custody at the Iredell County Jail and the use of unmonitored rooms. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

Under *Monell*, four theories can be pursued to prove an unlawful custom, policy, or practice violates section 1983: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train [employees], that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)); *see also A.G. v. Fattaleh*, 2022 WL 2758607 (W.D.N.C. 2022). Plaintiff is relying on a failure to properly train theory.

A municipality's culpability for a deprivation of rights is at its most tenuous where a claim relies on a failure to train. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*"). A municipality's failure to train its employees in a relevant respect must amount to

4

"deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.*, at 389, 109 S.Ct. 1197.

Deliberate indifference is a stringent standard of fault, requiring proof that an actor disregarded a known or obvious consequence of his action. *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1360 (2011). A less stringent standard of fault for a failure to train claim "would result in *de facto respondeat superior* liability on municipalities." *Id*. Typically a pattern of similar violations is necessary to show deliberate indifference. *Id.* at 63. Yet the Supreme Court has held "in a narrow range of circumstances" liability may be imposed because of a "single incident." *Id.* However rare, the unconstitutional consequences of failing to train "could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Id*.

Plaintiff maintains it was a "moral certainty" that deputies would interact with citizens in custody at the Iredell County Jail. The need for a policy and to train officers on the constitutional limitations of the use of force on such detainees is therefore "so obvious" that the failure to do so is deliberately indifferent to those citizens' constitutional rights. Plaintiff also claims "it is obvious that where certain rooms at the jail are unmonitored, that they will be available – and utilized – by deputies to conceal the use of excessive force against detainees."

Failure to train claims require a plaintiff to plead and prove specific deficiencies, and "general laxness or ineffectiveness in training is not enough." *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). *See also Ross v. Prince George's Cty*., 2012 WL 1204087, at *9 (D.Md. 2012) (unpublished) (dismissing allegations which merely "state[d] in conclusory terms that the

5

County failed 'to adequately train and supervise officers in the proper use of force'"). Here, Plaintiff has merely offered conclusory allegations devoid of any factual support. In his complaint Plaintiff alleges:

> The Sheriff failed to implement adequate policies with respect to the proper use and application of physical force, de-escalation, treatment of individuals in custody at the Iredell County Jail and requiring all rooms of the Iredell County Jail to be monitored by video cameras.
>
> The Sheriff further failed to adequately train and instruct deputies such as Defendants Doe 1-7 in the proper use and application of physical force, de-escalation, and treatment of individuals in custody at the Iredell County Jail.
>
> The Sheriffs policy and procedure at the time was to allow certain rooms at the Iredell County Jail to not be monitored by any video camera, despite the known, foreseeable risks of harm to such persons - whether at the hands of deputies, other detainees, or themselves.
>
> The Sheriff failed to adequately train and instruct his deputies, including without limitation Defendants Doe 1-7, with respect to the proper use and application of physical force, de-escalation, and the treatment of individuals in custody at the Iredell County Jail.
>
> The Sheriff failed to adequately train and instruct his deputies, including without limitation Defendants Doe 1-7, with respect to proper monitoring of individuals in custody, particularly in rooms with no video camera.

*See* Doc. No. 1-2, ¶¶ 47-48, 56(h)-(k). These conclusory allegations cannot support a failure to train claim. Plaintiff fails to plead any information about the deputies' training (or lack thereof) and why it was inadequate. He simply asserts that Sheriff Campbell failed to properly train them. That is insufficient. As a result, the Court will adopt the M&R and dismiss Plaintiff's 42 U.S.C. § 1983 claim against Sheriff Campbell in his official capacity.[2]

---

[2] Despite pleading it, Plaintiff contends he does not seek to hold Sheriff Campbell vicariously liable for his deputies' violation of Section 1983. *See* Doc. No. 15 p. 3. It is well-established law that

6

B. <u>**Negligent Hiring, Supervision, and Retention Claim**</u>

North Carolina recognizes a cause of action for negligent supervision and retention as an "independent tort based on the employer's liability to third parties." *Smith v. Privette*, 128 N.C. App. 490, 494, 495 S.E.2d 395, 398 (1998) (citation omitted). For a negligent supervision or retention claim, a plaintiff must prove: (1) the specific negligent act on which the action is founded; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; . . . (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision; and (4) that the injury complained of resulted from the incompetency proved. *See Medlin v. Bass*, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990); *Keller v. Deerfield Episcopal Ret. Cmty., Inc*., 271 N.C. App. 618, 628, 845 S.E.2d 156, 163 (2020).

Plaintiff argues that his beating in an unmonitored room was carried out by deputies who were "inherently unfit for their duties." *See* Doc. No. 15, p. 8. Plaintiff concedes that he is currently unaware of any past incidences involving these deputies because the deputies have yet to be identified. *Id*. However, he maintains it "defies logic" to suggest that these deputies had not engaged in previous questionable conduct of which Sheriff Campbell was, or should have been, aware.

Drawing all reasonable factual inferences in favor of the Plaintiff, the Court finds that dismissal, at this point, would be inappropriate. Plaintiff has alleged that the deputies were unfit, and that Sheriff Campbell could have known this if he had used ordinary care because the deputies

---

Section 1983 liability cannot be based on a theory of *respondeat superior*. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable [under § 1983] for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

were clearly aware of the absence of a camera and used that knowledge to beat the Plaintiff in a location where the incident would not be seen. This, along with the fact that the deputies have not been identified (which limits the Plaintiff's ability to plead more individualized and specific details regarding their incompetency) [3] is sufficient to meet the lenient pleading standards of *Iqbal* and *Twombly*. Therefore, the Court will deny Sheriff Campbell's Motion with respect to the claim for negligent hiring, supervision, and retention.

### C. <u>Claims against Sheriff Campbell in his individual capacity for tortious conduct.</u>

Lastly, the M&R recommends that the state law tort claims against Sheriff Campbell in his individual capacity be dismissed because Plaintiff's allegations are insufficient to pierce Sheriff Campbell's entitlement to public official immunity as to the claims against him.

As an initial matter, it is undisputed that Sheriff Campbell was not present at the alleged beating and that North Carolina law does not permit individual liability claims against a sheriff based on *respondeat superior*. *See e.g.*, *Styers v. Forsyth Cnty.*, 212 N.C. 558 (1937); *Centeno v. Tripp*, No. 4:20-CV-33-D, 2020 WL 3549985, at *3 (E.D.N.C. June 30, 2020) ("Under North Carolina law, a sheriff may be liable for the sheriff's deputy's intentional torts only in the sheriff's official capacity."). Consequently, because there are no allegations that Sheriff Campbell personally committed intentional/reckless infliction of emotional distress or assault and battery these claims fail as a matter of law.

Turning to the torts based on negligence, under North Carolina law "a public official, engaged in the performance of governmental duties involving the exercise of judgment and

---

[3] The Court is curious as to why the deputies have not been identified. Plaintiff states that he has obtained footage from body-worn cameras and cameras placed throughout Iredell County Jail. *See* Doc. No. 1-2, ¶ 14. Presumably this footage, along with any incident or arrest reports, would be sufficient to identify the deputies.

8

discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412 (1976) (quoting *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783 (1952)). This immunity has been recognized at common law for over a century. *See Epps v. Duke Univ.*, 122 N.C. App. 198, 202 (1996).

At the same time, public official immunity is not absolute. Public officials' actions are not shielded if their actions were "(1) outside the scope of official authority, (2) done with malice, or (3) corrupt." *Hudson v. Pasquotank Cty.*, 2018 N.C. App. LEXIS 1045, *9-10 (Nov. 6, 2018) (internal citations omitted). A malicious act is one which is "(1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Wilcox*, 222 N.C. App. at 289; *Evans v. Croft*, 265 N.C. App. 601, 827 S.E.2d 342 (2019) ("An individual acts with malice when he "wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another."); *In re Grad v. Kaasa*, 312 N.C. 310, 313, 321 S.E.2d 888 (1984). The intent to inflict injury may be constructive where an individual's conduct "is so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of willfulness and wantonness equivalent in spirit to an actual intent." *See Foster v. Hyman*, 197 N.C. 189, 192, 148 S.E. 36 (1929).

Plaintiff claims that under his statutory authority Sheriff Campbell creates and implements policies related to the use of force, monitoring, care, and custody of inmates at Iredell County Jail. And by failing to ensure all rooms were properly monitored by video surveillance and to implement proper policies and training for his deputies on the use of force against detainees Sheriff Campbell acted with deliberate indifference. However, the Court disagrees and will adopt the Magistrate's recommendation.

A plaintiff suing a public official must do more than allege malice to state a valid claim. "It is well established that 'a conclusory allegation that a public official acted willfully and wantonly should not be sufficient, by itself, to withstand a Rule 12(b)(6) motion to dismiss. The facts alleged in the complaint must support such a conclusion.'" *Mitchell v. Pruden*, —— N.C. App. ——, ——, 796 S.E.2d 77, 83 (2017) (quoting *Meyer v. Walls*, 347 N.C. 97, 114, 489 S.E.2d 880, 890 (1997)). Here, the complaint merely recites standard language that the defendants' actions "were outside the scope of their authority… [,] done with malice and/or willful, wanton, or reckless disregard for the rights and safety of Plaintiff." *See* Doc. No. 1-2, ¶ 6, 84, 93. The complaint asserts no factual support for a conclusion that Sheriff Campbell's conduct was intended to be prejudicial or injurious. Moreover, although constructive intent (i.e., engaging in reckless conduct manifestly indifferent to the consequences risking life or serious bodily injury) may give rise to a showing of malice, the complaint does not contain facts that would support a finding Sheriff Campbell acted with such intent or recklessly in anyway. Accordingly, Plaintiff's allegations are legally insufficient to overcome Sheriff Campbell's public official immunity and the Court will adopt the M&R's recommendation to dismiss the state law claims against Sheriff Campbell in his individual capacity.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No.14), is **ADOPTED in part**;

2. Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED in part;**
   - The Motion is granted as to: (1) the 42 U.S.C. § 1983 claim against Sheriff Campbell in both his official and individual capacities; and (2) all state law tort claims against Sheriff Campbell in his individual capacity.
   - The Motion is denied as to the claims for negligent hiring, supervision, and retention and negligent infliction of emotional distress.

**SO ORDERED**

Signed: November 10, 2022

Kenneth D. Bell
United States District Judge